**In re Angela Bernadette Alotta GESTRING, Debtor.**

**Bankruptcy No. 88–03007–BKC–J13.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Oct. 20, 1988.

Eileen Voss, St. Louis, Mo., trustee.

T.J. Mullin, Clayton, Mo., for debtor.

## ORDER

JAMES J. BARTA, Chief Judge.

The hearing to consider confirmation of the Debtor's proposed plan was called on October 12, 1988. The Debtor appeared in person and by counsel and presented certain testimony in support of her request to confirm her plan. Upon consideration of the record as a whole, the Court announced certain findings and conclusions and orders from the bench as follows:

The Debtor is currently unemployed. She anticipates starting a small business which will sell items at craft shows and fairs. She has no previous experience in this area, and has not attempted to run a business of this type before. The business would not have a permanent location for sales, and the Debtor was unable to provide an estimate of the amount of income she anticipated.

The Debtor's Chapter 13 Plan provides for payments in the amount of $252.00 for 60 months. The Debtor testified that she has no source of income. The money to fund the plan will be provided by her husband from his income as a chiropractor. The Debtor's husband is also a Debtor in a separate Chapter 13 case which was commenced within minutes after the Debtor's petition was filed. The Debtor's spouse agreed that he would make payments for both plans from the single household income. The Debtors are residing together and there is no indication that a separation or dissolution is anticipated.

In response to questions from the Court, Mrs. Gestring testified that eight of the fourteen unsecured debts listed in her Chapter 13 Statement are in fact joint obligations with her husband. These debts are also listed in her husband's Chapter 13 case. The six remaining debts are the result of purchases made on credit cards issued in her name only. Mrs. Gestring testified that some of the credit cards had been obtained by using credit applications which referred to her husband's income information. She testified further that some of the purchases involved items which were used by the couple's children or were for the benefit of the entire household. During the eighteen months preceding the commencement of these cases, all payments on the credit card accounts were made from the income earned by the Debtor's spouse.

It appears from the record that the Debtor and her spouse filed separate Chapter 13 cases because their combined unsecured debts exceed $100,000.00, thereby raising a question as to their eligibility to proceed as joint Debtors pursuant to 11 U.S.C. § 109(e). The issues presented in this case can be resolved, however, without embarking upon an examination of the Debtor's good faith in filing separate Chapter 13 Petitions.

The Debtor presently has no source of income; her plan will be funded, initially at least and perhaps during the entire sixty-month period, by money from her spouse's income; several of the Debtor's obligations are in fact joint obligations with her spouse; as a matter of law or equity, joint liability may be determined as to the remaining debts listed in her Chapter 13 Statement; and there is nothing in the record to support the Debtor's contention that her future business will provide enough money to fund a Chapter 13 Plan.

Therefore, the Court finds and concludes that the Debtor is not an individual with sufficiently regular and stable income to enable her to make payments under a Chapter 13 Plan; and that

IT IS ORDERED that this hearing be concluded; and that the Debtor's request to confirm her Chapter 13 Plan is denied; and that the Chapter 13 case of Angela Bernadette Alotta Gestring is hereby dismissed because she is not eligible to be a

debtor in a Chapter 13 case because of the absence of a sufficiently regular and stable income; and

That Eileen Voss, Trustee, is allowed the sum of $5.00 per month since commencement of this case as reimbursement of her expenses; and that any remaining Chapter 13 monies are to be refunded to the Debtor; and

That Eileen Voss is discharged of her responsibilities as Chapter 13 Trustee and relieved of her bond requirement; and that the automatic stays are terminated; and

IT IS FURTHER ORDERED that any order directed to the Debtor's employer which required the withholding of monies to be paid to the Chapter 13 Trustee, be and hereby is set aside; and that any such employer is relieved of any further responsibility to withhold and pay over such sums.